JUDGE MARRERO

08 CV 6847

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
PROBULK CARRIERS LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PROBULK CARRIERS LTD.,

                Plaintiff,

     v.

GLOBAL LOGISITICS CO. LTD.
and
GLL COMPANY LTD.,

                Defendants.
------------------------------------------------------------X

08 CV _____ (___)

**VERIFIED COMPLAINT**



Plaintiff PROBULK CARRIERS LTD. (hereinafter "PROBULK"), by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the Defendants, GLOBAL LOGISITICS CO. LTD., (hereinafter "GLCL") and GLL COMPANY LTD., (hereinafter "GLL") alleges upon information and belief as follows:

JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

### A) PROBULK is an entity with a presence in the Southern District of New York

2. The plaintiff PROBULK is engaged in the chartering business whereby it charters ocean vessels from vessel Owners, and then sub-charters such vessels to others for the carriage of cargo in exchange for payments of hire or freight.

3. At all material times hereto, PROBULK was the disponent Owner of the ocean-going bulk carrier vessel known as the M/V ALKISTIS, and the business of PROBULK, *inter alia*, is to charter the M/V ALKISTIS to others for the carriage of cargo in exchange for payments of hire or freight

4. At all times material hereto, PROBULK was and still is a business entity registered in Liberia, but which did and still does maintain all of its offices and its principal place of business in the Southern District of New York at 444 Madison Avenue New York, New York, 10022, with a phone number in New York at (212) 980-1150 and a fax number also in New York at (212) 486-0123. *See*, http://www.eastwindgroup.com/contact.htm.

5. PROBULK has continuous and systematic business contacts in the Southern District of New York in that all of PROBULK's employees, managers, officers and directors are located in its only office which is at 444 Madison Avenue in the borough of Manhattan in the City and State of New York and PROBULK is run out of that office. *See*, http://www.probulk.com/contact/.

6. Furthermore, PROBULK is a New York-based subsidiary of Eastwind Maritime Inc. which is also located in New York at 444 Madison Avenue, New York, New York, 10022 with a phone number in New York at (212) 838-1113 and a fax

2

number in New York at (212) 838-8439. http://probulk.com/about/; *and see*, http://www.eastwindgroup.com/contact.htm.

7.  Eastwind Maritime Inc. is the managing and/or general agent of PROBULK in New York.

B) Defendant GLCL is a Korean business entity without a presence in the Southern District of New York

8.  At all times material hereto, Defendant GLCL was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law with an address at 7th floor, Hosung Building, 44-22 Yoido-Dong, Youngdeungpo-Ku, Seoul, Korea.

9.  The Defendant GLCL is engaged in the business of chartering and operating vessels for the carriage of goods by sea.

C) Defendant GLL is a Korean business entity without a presence in the Southern District of New York

10.  At all times material hereto, Defendant GLL was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law with an address at 7th floor, Hosung Building, 44-22 Yoido-Dong, Youngdeungpo-Ku, Seoul, Korea.

11.  The Defendant GLL is engaged in the business of chartering and operating vessels for the carriage of goods by sea.

3

## AS AND FOR A CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

12. On October 19, 2007, Plaintiff PROBULK, as owner of the ocean-going vessel M/V ALKISTIS, entered into a charter party contract with the Defendant GLCL, as charterer, whereby Defendant GLCL hired the M/V ALKISTIS for a minimum of 4 months to about six months at a rate of hire of "$55,000/diot." (daily including over time).

13. The charter party contract between Plaintiff PROBULK and Defendant GLCL is a maritime contract and is hereinafter referred to as the "Charter Party.")

14. Additional terms to the Charter Party were agreed to be on a "BTB HD-CP" (Back-to-Back to the Head Charter Party) basis with "logical amendment and alterations."

15. The Charter Party proceeded and the M/V ALKISTIS was redelivered on July 4, 2008 thereby concluding the Charter Party.

16. However, at the time of redelivery Defendant GLCL owed Plaintiff PROBULK $205,144.47 in hire as per the terms of the Charter Party.

17. Defendant GLCL has refused to pay this $205,144.47 on the basis that the vessel was redelivered at "dlosp [Dropping Last Outwards Sea Pilot] Jebel Ali" instead of "PMO" (Passing Muscat Outbound), alleging that this change resulted in damages to Defendant GLCL of $40,000.00.

18. However, Plaintiff PROBULK had repeatedly warned Defendant GLCL of the change in redelivery location and the change in redelivery was valid under the terms of the head charter party so as to accommodate the M/V ALKISTIS's drydock scheduling.

4

19. Despite Plaintiff PROBULK's repeated requests that Defendant GLCL provide details of any of its alleged damages, Defendant GLCL has not provided documentation of its alleged losses due to the change in redelivery, and, in fact, it is possible that the Defendant GLCL had no losses whatsoever as it may have sub-chartered the vessel M/V ALKISTIS at a loss.

20. Defendant GLCL's refusal to pay the hire that is now due and owing, is in breach of the terms and conditions of the Charter Party.

21. Therefore, despite due demand, Defendant GLCL has currently not paid Plaintiff PROBULK $205,144.47 that is due and owing under the Charter Party.

22. Defendant GLCL's failure to make timely payment of the hire when it became due constitutes a breach of the Charter Party and, therefore, Plaintiff PROBULK has a maritime claim against Defendant GLCL for breach of charter party in the principal amount of $205,144.47.

23. The Charter Party between the Plaintiff PROBULK and Defendant GLCL dated October 19, 2007, was on a back-to-back basis of the head charter party which provided at Clause 17 that any disputes arising out of the charter party shall be governed by English law and shall be referred to arbitration in London.

24. Interest and costs, including attorneys' fees, are routinely awarded to the prevailing party in London arbitration because they are recoverable damages in arbitration pursuant to the London Maritime Arbitration Association's rules.

25. In accordance with the terms and conditions of the Charter Party, the Plaintiff PROBULK is preparing to initiate arbitration proceedings against Defendant GLCL in London.

26. As best as can now be estimated, the Plaintiff PROBULK expects to recover the following amounts in London arbitration from Defendant GLCL:

| | | | |
|---|---|---|---|
| | A. | Principal claim | $205,144.47 |
| | B. | Estimated interest on claims: 3 years at 7.25%, compounded quarterly | $ 49,346.91 |
| | C. | Estimated attorneys' fees: | $ 50,000.00 |
| | D. | Estimated arbitration costs/expenses: | $ 25,000.00 |
| **Total** | | | **$329,491.38** |

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST GLL COMPANY LTD. AS ALTER EGO/SUCCESSOR IN INTEREST

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" of the Verified Complaint as though set forth at length herein.

28. Upon information and belief, Defendant GLL is the successor in interest to Defendant GLCL as Defendant GLL has stated that it has taken over all operation matters of GLCL.

29. Alternatively, upon information and belief, Defendant GLL is liable as the alter ego of Defendant GLCL.

30. At all material times, there existed such unity of ownership and interest between Defendant GLCL and Defendant GLL that no separation existed between them and the corporate form of Defendant GLCL has been disregarded such that Defendant GLL primarily transacted the business of Defendant GLCL, and, therefore, they are the alter egos of each other, or vice versa.

31. At all material times, Defendant GLCL chartered the M/V ALKISTIS in the name of Defendant GLL such that Defendant GLCL was the charterer of the M/V ALKISTIS, or vice versa.

32. At all material times, Defendant GLL and Defendant GLCL have or had overlapping ownership, management, personnel and purposes such that Defendant GLL and Defendant GLCL did not and do not operate at arms length.

33. At all material times, Defendant GLL and Defendant GLCL have had common addresses and common contact information such that the Defendant GLCL has or had no independent corporate identity from the Defendant GLL.

34. At all material times, there has been an intermingling of funds between Defendant GLL and Defendant GLCL as Defendant GLL paid the time charter hire for the M/V ALKISTIS to Plaintiff under circumstances where GLL was under no obligation to satisfy the debts of Defendant GLCL.

35. At all material times, Defendant GLL has dominated, controlled and/or used the Defendant GLCL for its own purposes such that there is no meaningful difference between the several entities, or vice versa.

36. At all material times, Defendant GLL has disregarded the corporate form of Defendant GLCL to the extent that Defendant GLL was actually carrying on GLCL's business and operations as if the same were its own, or vice versa.

37. There are reasonable grounds to conclude that the Defendant GLL is the alter ego of Defendant GLCL and, therefore, Plaintiff PROBULK has a valid prima facie *in personam* claim against Defendant GLL based upon alter ego liability.

38. Additionally, the Defendant GLCL utilizes the Defendant GLL to transfer funds through, to and from the Southern District of New York on its behalf or vice versa.

## PRAYER FOR RELIEF

39. Notwithstanding the fact that the liability of the Defendant(s) is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant(s) within this District and held by various parties, as garnishees.

40. Plaintiff PROBULK believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

41. As set forth in the accompanying Declaration of Owen F. Duffy, the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

42. Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant(s) and because the Defendants cannot be found within this District

within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendant(s) and/or *quasi in rem* jurisdiction over the property of the Defendant(s) so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A.  That the Defendants be summoned to appear and answer this Verified Complaint;

B.  That the Defendant(s) not being found within this District, as set forth in the Declaration of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant(s) within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C.  That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* **US$329,491.38**, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D.  That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
July 31, 2008

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
PROBULK CARRIERS LTD.

By: _____
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605