*MARKSCE/T*

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
PROBULK CARRIERS LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

```
┌─────────────────────────────┐
│ USDS SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #:                       │
│ DATE FILED: 8-21-08          │
└─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PROBULK CARRIERS LTD.,

                              Plaintiff,

                                                    08 CV 6847 (VM)

            v.

GLOBAL LOGISITICS CO. LTD.
and
GLL COMPANY LTD.,

                              Defendants.
----------------------------------------------------------------X

### ORDER VACATING PROCESS OF MARITIME ATTACHMENT, DISMISSING THE ACTION AND DIRECTING THE RELEASE OF FUNDS UNDER ATTACHMENT IN NEW YORK

**WHEREAS,** pursuant to Process of Maritime Attachment and Garnishment, the

Plaintiff attached funds belonging to the Defendant GLL COMPANY LTD. in the

amount of $329,491.38 at HSBC USA N.A.;

**WHEREAS,** the Defendants GLL COMPANY LTD. and GLOBAL

LOGISITICS CO. LTD. have not appeared in the action, but the parties have now

resolved and settled their dispute;

**WHEREAS**, the Plaintiff and Defendants have presented evidence of the settlement by way of Declarations from directors of the Defendants and the representations of the Plaintiff's counsel;

### NOW, THE COURT HAVING REVIEWED THE DECLARATIONS OF MR. YJMAENG AND MR. KB KIM AND THE APPLICATION OF THE PLAINTIFF'S COUNSEL,

**IT IS HEREBY ORDERED** that the that the Process of Maritime Attachment, issued pursuant to this Court's Order dated July 31, 2008 is hereby vacated and all garnishees that have been served with the Process of Maritime Attachment are no longer required to comply with the Processes of Maritime Attachment and Garnishment and that any and all property, tangible or intangible, including funds, assets, cash, goods chattels, credits, effects, debts owed by or owed to the Defendants GLL COMPANY LTD. and GLOBAL LOGISITICS CO. LTD. or monies to be paid to discharge a debt owed to Defendants, debts paid to Defendants under letters of credit, and/or monies to be paid to discharge a debt from Defendants, including monies to be electronically transferred by or to the Defendants that may have been attached or garnished pursuant to said Process, are to be immediately released;

**IT IS HEREBY ORDERED** that the garnishee, HSBC USA N.A., which has restrained, and is holding, a payment in the amount of $329491.38, shall release said funds and disburse them as follows:

- The sum of $200,000.00 shall be wired to the IOLA account of the Plaintiff's counsel, Chalos, O'Connor & Duffy LLP, the details of which are: State Bank of Long Island; 960 Port Washington Blvd., Port Washington, NY 11050; ABA 021401617; Chalos, O'Connor & Duffy IOLA Account: 1517007976; and,

2

- The balance in the amount of $129,491.38 shall be released to the original intended beneficiary of the wire transaction.


**IT IS HEREBY ORDERED**, that Plaintiff's counsel is to communicate the contents of this Order to every garnishee served with said Processes, upon receipt thereof, and is to serve a copy of this Order on said garnishees by the most expeditious means possible by the end of business, August    , 2008, and the Plaintiff's counsel is to immediately send a copy of this Order to the Defendants.

**IT IS HEREBY ORDERED** that this action be and the same is hereby dismissed, with prejudice and without costs.


Dated: New York, New York
       August 21 , 2008

                                        SO ORDERED:

                                        _Paul A Cutty_

                                        ~~Hon. Victor Marrero,~~  *H.1*
                                        United States District Judge

3

# CHALOS, O'CONNOR & DUFFY

## ATTORNEYS AT LAW

Michael G. Chalos
Eugene J. O'Connor
Owen F. Duffy
Leroy S. Corsa
Brian T. McCarthy
Timothy Semenoro*
George E. Murray
George K. Koutakis**
Andrew Warner

*Admitted in NY & NJ
**Admitted in NJ (only)

**366 MAIN STREET**
**PORT WASHINGTON, NEW YORK 11050-3120**

TELEPHONE (516) 767-3600
TELECOPIER (516) 767-3605 & 3925
WEBSITE: WWW.CODUS-LAW.COM

George E. Murray
Associate
gmurray@codus-law.com

August 20, 2008

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan                           ***By Email to Orders and Judgments***
United States Courthouse
500 Pearl Street, Room 660
New York, New York 10007
Email: orders_and_judgments@nysd.uscourts.gov

> Re:    Probulk Carriers Ltd. v. Global Logistics Co. Ltd., et al.
>        S.D.N.Y. Index No. 08 CV 6847 (VM)
>        Our ref.: 500093.017

Dear Judge Marrero:

The undersigned represents the Plaintiff, Probulk Carriers Ltd. (hereinafter "Probulk") in the above-referenced civil matter. The Defendants, GLL COMPANY LTD. and GLOBAL LOGISITICS CO. LTD., have not entered an appearance, but I am copying both of them in on this letter application.

The purpose of this letter is to advise the Court that the parties have agreed to settle this matter and, also, to request that the Court enter an Order: (1) vacating the Process of Maritime Attachment; (2) dismissing the case, with prejudice; and, (3) directing the garnishee, HSBC USA N.A., to release funds in accordance with settlement as agreed by the parties.

By way of explanation, the plaintiff, Probulk, initiated this action to assert a maritime claim for breach of a charter party, and, also, to make use of the Supplemental Rule B procedure to obtain security for its claims against GLL COMPANY LTD. and GLOBAL LOGISITICS CO. LTD., which were to be arbitrated and/or litigated in England. On July 31, 2008, the Court issued a Process of Maritime Attachment against the property of the Defendants, GLL COMPANY LTD. and GLOBAL LOGISITICS CO. LTD. The Process of Maritime Attachment was served on several banks in New York and, on August 11, 2008, garnishee HSBC USA, N.A. reported that it had restrained $329,491.38 of a $375,991.44 Electronic Funds Transfer being sent from

**CHALOS, O'CONNOR & DUFFY LLP**

Defendant GLL COMPANY LTD. of Korea, as originator. Garnishee HSBC USA, N.A. allowed the remainder to pass through to the original intended beneficiary. HSBC USA, N.A., as a matter of policy, has not informed me of the identity of the original intended beneficiary of the Electronic Funds Transfer.

Plaintiff Probulk, pursuant to Supplemental Rule B(2), promptly informed the Defendant GLL COMPANY LTD. of the attachment by both email and by overnight mail service. Thereafter the Defendants GLL COMPANY LTD. and GLOBAL LOGISITICS CO. LTD. entered into settlement discussions with me, George Murray, as counsel for the Plaintiff, Probulk. On Monday, August 18, 2008 the parties reached a settlement agreement. The terms of the settlement agreement provide for the release of the funds under attachment to be partially remitted to Plaintiff's counsel, with the remainder to be released to the original intended beneficiary pursuant to the original wire transaction details. Because GLL COMPANY LTD. and GLOBAL LOGISITICS CO. LTD. are not represented by counsel in New York, and wish to avoid further costs to accomplish the settlement, I requested that directors of the Defendants, Mr. Yjmaeng of GLOBAL LOGISTICS CO. LTD. and Mr. KB Kim of GLL COMPANY LTD., each provide a declaration to confirm that the matter had settled and that they agreed that a portion of the funds under attachment, *i.e.* $200,000.00, was to be released to Probulk, and further, that $129,491.38 was to be released to the original intended beneficiary of the wire transaction. I am attaching herewith a copy of the Declarations of Mr. Yjmaeng and Mr. KB Kim, provided to me over the weekend, to evidence the settlement and in support of the present application.

Under the circumstances, I am also attaching herewith a proposed Order for the Court's consideration. The Order accurately reflects the terms of the parities' settlement agreement, and it specifically directs the garnishee, HSBC USA, N.A., to release the funds in accordance with the parties' settlement agreement.

Trusting that Your Honor will find all to be in order, I respectfully request that Your Honor sign the Order, and provide us with a copy, so that I may deliver a copy to the garnishee, HSBC USA, N.A. Of course, if Your Honor has any questions regarding this request, I will be glad to address them.

For now, we thank the Court for its attention to this matter.

Respectfully submitted,
CHALOS, O'CONNOR & DUFFY, LLP

George E. Murray

Attachments    * Declaration of KB Kim, director of GLL COMPANY LTD.;
                * Declaration of Yjmaeng, director of GLOBAL LOGISTICS CO. LTD.; and,
                * Proposed Order

**CHALOS, O'CONNOR & DUFFY LLP**                                          2

cc:    <u>By email c/o gllcompany@kornet.net</u>
GLL COMPANY LTD.
43-10 Yoido-dong Youngdeungpo-ku
Seoul, Korea
Attn:  Mr. KB Kim,
       Director

cc:    <u>By email c/o glogis@glogis.co.kr</u>
GLOBAL LOGISTICS CO. LTD.
44-22 yoido-dong youngdengpoku
Seoul, Korea

    Attn:  Mr. Yjmaeng,
          Director

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
PROBULK CARRIERS LTD.
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PROBULK CARRIERS LTD.,

                              Plaintiff,

                                                                    08  CV  6847 (VM)

                    v.

GLOBAL LOGISITICS CO. LTD.
and
GLL COMPANY LTD.,

                              Defendants.
-----------------------------------------------------------------X

### DECLARATION OF _____ IN SUPPORT OF APPLICATION
### FOR ORDER RELEASING FUNDS UNDER ATTACHMENT IN NEW YORK

The undersigned, kbkim, presents this declaration to set the forth the facts in support of the application being presented by Plaintiff PROBULK CARRIERS LTD. (hereinafter "Probulk") to have the funds  presently restrained in New York released.

I hereby declare as follows:

1.  I, kbkim, am a korean national and I am the director of the Defendant GLL COMPANY LTD. (hereinafter "GLL"), which maintains its offices at 43-10 Yoido-dong Youngdeungpo-ku, Seoul, Korea..

2.  My telephone number is 786-2026, and my personal mobile phone number is 019-498-1612.

3.  I learned earlier this month that funds totaling $329,491.38 that were being remitted from Defendant GLL were restrained by HSBC USA, National Association in New York.

4.  On learning that funds belonging to GLL had been restrained, I contacted the attorneys for Plaintiff Probulk, Chalos, O'Connor & Duffy, LLP by email correspondence with George E. Murray.

5.  Thereafter, I engaged in negotiations with George E. Murray, Esq., who is an associate at Chalos, O'Connor & Duffy, LLP, to negotiate a settlement of the underlying claim for breach of a Charter Party dated October 19, 2007, entered into by Plaintiff Probulk and Defendant Global Logistics Co. Ltd.

6.  Eventually, on August 18, 2008, Mr. Murray, on behalf of the Plaintiff, and myself, on behalf of Defendant GLL reached an agreement to settle the underlying claim for breach of the Charter Party as set forth in the Plaintiff's complaint.

7.  The terms of the settlement that Mr. Murray and I agreed upon are that: Defendants GLL, without admitting liability will pay $200,000.00 to Probulk. The settlement funds will be provided from the funds presently under restraint in New York by the garnishee, HSBC USA N.A., to be wire transferred to the IOLA account of Plaintiff's counsel; the Plaintiff's counsel will direct the garnishee, HSBC USA N.A. to remit the balance of the funds under restraint, i.e. $129,491.38, to be released to the original intended beneficiary of the wire transfer; the Plaintiff will voluntarily vacate the Process of Maritime Attachment; and, the Plaintiff will

voluntarily dismiss the lawsuit with prejudice, with each party to bear its own costs.

8. In my capacity as director of the Defendant GLL, I have full authority to bind the Defendant GLL to a settlement with the Plaintiff Probulk.

9. I have prepared this declaration at the direction of the Plaintiff's counsel, George E. Murray, Esq. to facilitate the release of the funds under attachment, and I am providing this declaration to Mr. Murray so that GLL does not have to incur the cost of retaining counsel in New York to facilitate the release of the funds under attachment.

10. Under the circumstances, I respectfully request that the Court enter an Order to have the sum of $200,000.00 released to the Plaintiff's counsel, Chalos, O'Connor & Duffy LLP, and that the remaining sum of $129,491.38 be released to the original intended beneficiary of the wire transaction.

I do so declare under penalty of perjury under 28 U.S.C. § 1746 and the laws of the United States of America that the foregoing is true and correct.

Dated: August 19, 2008 at Seoul, Korea.

Signed: _____
kbkim

3

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
PROBULK CARRIERS LTD.
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PROBULK CARRIERS LTD.,

                              Plaintiff,

                                                            08 CV 6847 (VM)

            v.

GLOBAL LOGISTICS CO. LTD.
and
GLL COMPANY LTD.,

                              Defendants.
-----------------------------------------------------------------X

## DECLARATION OF _____ IN SUPPORT OF APPLICATION
## FOR ORDER RELEASING FUNDS UNDER ATTACHMENT IN NEW YORK

    The undersigned, YJMAENG, presents this declaration to set the forth the facts in
support of the application being presented by Plaintiff PROBULK CARRIERS LTD.
(hereinafter "Probulk") to have the funds  presently restrained in New York released.

  I hereby declare as follows:

1.  I, YJMAENG, am a korean national and I am the director of the
    Defendant GLOBAL LOGISTICS CO. LTD. (hereinafter "GLOBAL"),
    which maintains its offices at 44-22 yoido-dong youngdengpoku, Seoul,
    Korea.

2.  My telephone number is 782-7155.

3.  I am aware of the terms of settlement between GLL Company Ltd. (hereinafter "GLL") and Probulk, and, in consideration of the benefit to Global of that settlement, agree to waive any and all claims and/or counterclaims Global may have against Probulk regarding the charter party dated October 19, 2007 for the vessel the M/V ALKISTIS between Plaintiff Probulk and Defendant Global.

4.  The terms of the settlement that GLL and Probulk have agreed upon are that: Defendants GLL, without admitting liability will pay $200,000.00 to Probulk.  The settlement funds will be provided from the funds presently under restraint in New York by the garnishee, HSBC USA N.A., to be wire transferred to the IOLA account of Plaintiff's counsel; the Plaintiff's counsel will direct the garnishee, HSBC USA N.A. to remit the balance of the funds under restraint, i.e. $129,491.38, to be released to the original intended beneficiary of the wire transfer; the Plaintiff will voluntarily vacate the Process of Maritime Attachment; and, the Plaintiff will voluntarily dismiss the lawsuit with prejudice, with each party to bear its own costs.

5.  In my capacity as director of the Defendant Global, I have full authority to bind the Defendant Global to a settlement with the Plaintiff Probulk.

6.  I have prepared this declaration at the direction of the Plaintiff's counsel, George E. Murray, Esq. to facilitate the settlement of this matter, and I am providing this declaration to Mr. Murray so that Global does not have to incur the cost of retaining counsel in New York to facilitate the release of the funds under attachment.

2

7. Under the circumstances, I respectfully request that the Court enter an Order to have the sum of $200,000.00 released to the Plaintiff's counsel, Chalos, O'Connor & Duffy LLP, and that the remaining sum of $129,491.38 be released to the original intended beneficiary of the wire transaction..

I do so declare under penalty of perjury under 28 U.S.C. § 1746 and the laws of the United States of America that the foregoing is true and correct.

Dated: August 19, 2008 at Seoul, Korea.

Signed: _____
          YJMAENG

3